IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

EBONY BLEVINS, )
)
        Plaintiff, )
)
vs. ) Case No. 08-5091-CV-SW-ODS
)
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
)
        Defendant. )

## ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING BENEFITS AND REMANDING FOR RECONSIDERATION

      Pending is Plaintiff's appeal of the Commissioner's final decision denying her application for Social Security benefits. For the following reasons, the Commissioner's decision is reversed and the case is remanded for further proceedings.

1.     Plaintiff's history of back surgery and related ailments leaves little doubt that she is limited to a certain extent and provides a medical basis for her complaints of pain. The critical issue is the degree and severity of her pain, and determining this issue requires evaluation of her credibility. Unfortunately, some of the factors relied upon by the ALJ to discount her credibility are not supported by substantial evidence in the Record as a whole. First, the ALJ discounted Plaintiff's claim of an inability to sit for long periods of time because "she was able to sit comfortably during the course of the hearing with no unusual posture, no shifting of weight, and no expressed need to stand or change position . . . ." R. at 18. Setting aside the cases suggesting the "sit and squirm" test should not be relied upon, e.g., Cline v. Sullivan, 939 F.2d 560, 568 (8th Cir. 1991), the Record does not support the ALJ's finding. R. at 370-71. Second, the ALJ found "the fact that claimant is able to engage in essentially normal daily and social activities, discredits her allegations of disabling pain." R. at 19. This is not an accurate summary of Plaintiff's testimony. R. at 357-59, 361. Third, the ALJ determined Plaintiff "consciously attempted to portray limitations tha[t] are not actually present in order to

increase the chance of obtaining benefits." This statement referred to Plaintiff's testimony "that she has a seizure every six months, but doe[s] not take any medication and is allowed to drive by her doctors." The ALJ found this difficult to believe, found "there is no record of any diagnosis of, or treatment for, a seizure disorder," and concluded Plaintiff was fabricating maladies and symptoms to improve her chances of receiving benefits. R. at 18. However, her medical records are replete with references to these facts. R. at 123, 127, 131, 135, 147, 173, 196, 246, 281. This history demonstrates Plaintiff did not allege she had seizures for the first time at the hearing in an effort to obtain benefits. One of those records -- from the Springfield Neurological and Spine Institute -- states Plaintiff reported a "[h]istory of seizures, however, the patient does not take any medications and has not for about sixteen years now. She states that someone told her the seizures were so minimal that she did not need the medications." R. at 259. Obviously, the doctors who wrote and reviewed this record (and the other records as well) saw nothing curious in Plaintiff's statements. The Record contains no facts that support the ALJ's conclusions.

2. One of the factors the ALJ is to consider is the effect of medication. Plaintiff testified that the muscle relaxers and pain medication she has been prescribed make her extremely drowsy. R. at 364. Similar statements appear in her treating physician's notes. However, the ALJ did not mention this factor or this evidence.

3. Plaintiff testified she suffers from depression and hypertension, and the ALJ determined these were no more than slight impairments. Plaintiff's treating physician prescribed Cymbalta, which is a rather powerful medication. The Court understands the ALJ's unwillingness to rely on the Medical Source Statement provided by Jennifer Williams, but the finding of "slight impairment" is difficult to reconcile with the medication prescribed by Plaintiff's doctor. Inasmuch as the case is being remanded for other reasons, the Court concludes the ALJ should develop the Record further by obtaining more information about Plaintiff's hypertension and depression.

IT IS SO ORDERED.

DATE: February 16, 2010

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT